**UNITED STATES of America,**

v.

**Theodore T. MILLER, Defendant.**

**No. CRIM.02–106–P–C.**

United States District Court,
D. Maine.

Nov. 5, 2003.

George T. Dilworth, Office of the U.S. Attorney, Portland, ME, for USA, Plaintiff.

Bruce M. Merrill, Robert J. Ruffner, Vincent, Kantz & Ruffner, Portland, ME, for Theodore T Miller, Defendant.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR HEARING AND JUDICIAL DETERMINATION OF NEED FOR AND PROPRIETY OF INVOLUNTARY MEDICATION AND FOR APPOINTMENT OF GUARDIAN *AD* LITEM

GENE CARTER, Senior District Judge.

Before the Court is Defendant's Motion for Hearing and Judicial Determination of Need [for] and Propriety [of] Involuntary Medication and for Appointment of Guardian *Ad Litem* (Docket Item No. 23).[1] After full consideration anew of the Sealed Administrative Record (Docket Item No. 29) from FMC Butner in respect to the administrative proceedings to involuntarily medicate Defendant, as supplemented by the psychiatric report of September 23, 2003, and after consultation with counsel, on the record, the Court **FINDS** that the Government has not shown a need to involuntarily medicate the Defendant (not shown to be a danger to himself or others) simply to render him competent to stand trial, that is sufficiently important to overcome Defendant's protected interest in refusal of such medication, in light of the efficacy, the side effects, the possible alternatives, and the medical appropriateness of the proposed regimen of involuntary medication. *Sell v. United States*, 539 U.S. at ——, 123 S.Ct. at 2186.

■ This Defendant has a constitutionally protected liberty interest in avoiding involuntary administration of antipsychotic drugs—an interest that only an "essential" or "overriding" state interest might overcome. *Riggins v. Nevada*, 504 U.S. 127, 134, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992), quoted in *Sell v. United States*, 539 U.S. at ——, 123 S.Ct. at 2183. In order for an override of that right to occur, the Government must satisfy the following elements of the applicable test: (1) that the proposed medication treatment is medically appropriate, (2) that it is substantially unlikely to have side effects that may undermine the fairness of trial, and (3) that it is necessary, taking account of less intrusive alternatives, significantly to further important governmental trial-related interests. *Sell*, 539 U.S. at ——, 123 S.Ct. at 2184.

Here, the re-examination report simply does not treat meaningfully of whether the proposed regimen of antipsychotic medication is medically appropriate for a defendant in the condition and circumstances of this Defendant. No adequate showing is made in that regard.

Second, this Court is not satisfied that any adequate consideration has been given to the question of likely side effects *to this Defendant* or upon the question of the effect they may have upon his ability to cooperate with counsel before and at trial, avoiding any undermining of the fairness of a trial with the Defendant under the influence of such medications.

Finally, and most importantly, the Government has shown no *important* govern-

---

1. The subject motion was previously before the Court, resulting in the Court's Order on Defendant's Motion for Hearing and Judicial Determination of Need for and Propriety of Involuntary Medication and for Appointment of Guardian *Ad Litem* (Docket Item No. 31), which sent the matter back to the Bureau of Prisons, FMC Butner, for a re-examination and re-evaluation of the medical issues generated in light of the opinion of the United States Supreme Court in *Sell v. United States*, 539 U.S. 166, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003). Those tasks have now been completed, and the Bureau of Prisons has submitted a further psychiatric report dated 9/23/03, which the Court has now studied carefully.

mental interest to be at stake in bringing this Defendant to trial in the near future. Such a showing is required to permit the overriding of Defendant's due process right to avoid such compelled medication. Defendant is held, and will continue to be held, under this Court's prior determination that he is incompetent to stand trial, so he presents no danger to the public or risk that he will flee prosecution. The Government has shown no likelihood that delay in accomplishing trial will prejudice the Government in its efforts to fairly enforce the law. There is no showing that the memories of witnesses are fading or that witnesses are, or are likely to become, unavailable for a trial when it is reached without forcibly medicating the Defendant. This factor, while not determinative of the issues, weighs significantly against permitting the compulsory medication of Defendant. *Id.* at 2184. No other reason for haste in active prosecution of Defendant is shown.

The motion is **DENIED**, and it is **OR-DERED** that Defendant continue to be held, subject to periodic review to evaluate his competency, as required by the Court's prior adjudication of Defendant to be incompetent to stand trial, pursuant to 18 U.S.C. § 4241 (Docket Item No. 12), as *affirmed* by Memorandum and Order Denying Defendant's Appeal From Competency Determination (Docket Item No. 22).